UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAJA SOKOLA, an Individual,

Plaintiff,

v.

HARVEY WEINSTEIN, ROBERT WEINSTEIN, THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., MIRAMAX HOLDING CORP., MIRAMAX FILM NY LLC f/k/a MIRAMAX FILM CORP., and DOE CORP. 1-10,

Defendants.

Case No. 20-cv-925

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to Title 28, Sections 1331, 1334(b), 1441, 1446 and 1452(a) of the United States Code (the "U.S. Code"), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Defendant Robert Weinstein ("Mr. Weinstein"), by and through his undersigned counsel, hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Mr. Weinstein appears for the purpose of removal only and for no other purpose, and states the grounds for removal as follows:

## PROCEDURAL HISTORY

The Instant Action

1. On December 19, 2019, plaintiff Kaja Sokola filed the Summons and Complaint in this action in the Supreme Court of the State of New York, County of New York (the "State Court"). The case was assigned Index No. 950250/2019 (the "Action").

2. The Complaint names as defendants Mr. Weinstein, as well as Harvey Weinstein, The Walt Disney Company and Disney Enterprises, Inc. (together, "Disney"), Miramax Holding

Corp. and Miramax Film NY, LLC f/k/a Miramax Film Corp. (together, "Miramax"), and, as "Doe Corp." defendants, certain purportedly "unknown successor and related entities of Miramax and Disney that employed Harvey Weinstein." (Compl. ¶ 18.)

3. This Action is one of a series of civil lawsuits that have been filed by women who allege they were assaulted by Harvey Weinstein (including a prior related action by Sokola, which is discussed below). The Complaint in this Action alleges that Harvey Weinstein sexually assaulted Sokola in 2002, when she was 16 years old, and thereafter persisted in his pursuits against her and subjected her to ongoing emotional abuse, causing her physical injury, emotional distress, economic harm, and other damages. The Complaint asserts a cause of action against Harvey Weinstein for battery and a cause of action for negligence against all the other defendants, including Mr. Weinstein, for allegedly failing to take the steps necessary to protect Sokola from Harvey Weinstein. Sokola brought the Action under New York's Child Victims Act (the "CVA"), which provides a one-year window during which certain victims of child sexual assault can assert claims that otherwise would have been barred by the applicable statute of limitations.

4. On January 2, 2020, counsel for Sokola emailed the undersigned counsel for Mr. Weinstein, providing notification of the Action and asking if the undersigned counsel was authorized to accept service of the Summons and Complaint, which were attached to his email. On January 13, 2020, after several emails back and forth between counsel, the undersigned counsel emailed Sokola's counsel to inform them that counsel was authorized to accept service on Mr. Weinstein's behalf. As of the date of this filing, Sokola has not filed proof of service on Mr. Weinstein in the State Court.

5. Mr. Weinstein's time to respond to the Complaint in State Court has not expired.[1]

6. No motions or other proceedings are pending in the State Court.

7. By filing this Notice of Removal, Mr. Weinstein does not waive any rights or defenses available to him, and disputes that the allegations in the Complaint state a valid claim against him under any law or in equity.

8. True and correct copies of all pleadings, orders, records, and proceedings in the State Court are attached hereto as Exhibits A to C.

Sokola's Prior Related Action

9. As noted in the Complaint, Sokola, proceeding as Jane Doe, previously was included as a named plaintiff in an amended complaint filed in a putative class action pending in the U.S. District Court for the Southern District of New York. *See Geiss v. The Weinstein Company Holdings, LLC, et al.*, No. 1:17-cv-09554-AKH (S.D.N.Y.) (ECF No. 140).

10. The *Geiss* complaint, filed on October 31, 2018, asserts a variety of state and federal law claims arising from Harvey Weinstein's alleged sexual misconduct on behalf of a purported nationwide class of victims. The claims in the *Geiss* complaint encompass assaults and other misconduct allegedly committed by Harvey Weinstein both prior to 2005, when he served as co-chairman of Miramax, which was owned by Disney, and after 2005, when he served as co-chairman of The Weinstein Company Holdings, LLC ("TWC").

11. The *Geiss* complaint contains allegations regarding Harvey Weinstein's purported sexual assault of Sokola in 2002 that are substantively similar to the allegations she makes in the

[1] In addition to the fact that Mr. Weinstein's response to the Complaint is not yet due under the normal operation of the Civil Practice Law and Rules, all cases brought in State Court under the CVA are subject to Amended Administrative Order #371, issued in December 2019 by the Deputy Administrative Judge of the New York City Courts. Pursuant to that administrative order, which was posted to the State Court docket in this Action, assuming Mr. Weinstein was served by January 31, 2020, his time to answer, move to dismiss, or otherwise respond to the Complaint would be extended *sine die* pending further order of the State Court.

complaint in the instant Action.  (*Compare* Sokola Compl., ¶¶ 30-48 *with* Geiss Compl., ¶¶ 203-13.)  Based on these and other allegations, Sokola asserted claims in the *Geiss* Complaint, on behalf of herself and a so-called "Miramax Subclass," against, among others, Harvey Weinstein and all but one of the defendants—including Mr. Weinstein, one of the Miramax entities, and both Disney entities—named in the instant Action.  (*Geiss* Compl., ¶¶ 762-67, 840-46, 854-59, 866-71, 877-85, 894-901, 910-15.)

12. The *Geiss* complaint also contains numerous allegations of additional acts of misconduct directed at Sokola by Harvey Weinstein after 2005, when TWC was founded, including communications between TWC personnel and Sokola.  (*See* Geiss Compl., ¶¶ 223-38.)  Based on these allegations, Sokola asserted claims in the Geiss complaint, on behalf of herself and a so-called "TWC Subclass," against Harvey Weinstein, TWC, and a number of former officers and directors of TWC, including Mr. Weinstein.  (*Geiss* Compl., ¶¶738-51, 752-61, 768-73, 847-53, 860-65, 872-77, 886-93, 902-09, 916-21.)

13. On April 18, 2019, following briefing on motions to dismiss filed by Mr. Weinstein and the other defendants, Judge Hellerstein issued an order dismissing all of the *Geiss* complaint's claims against Mr. Weinstein and all other defendants, with the single exception of one claim the putative class had asserted against Harvey Weinstein.  Sokola's state-law claims were dismissed without prejudice to her asserting claims when they became timely under the CVA.  *See Geiss v. The Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 176 (S.D.N.Y. 2019).

Other Related Actions in this District

14. Several other cases have been filed in this District asserting claims against Harvey Weinstein and various other individuals and entities seeking redress for Harvey Weinstein's alleged sexual misconduct.  These include *Noble v. Weinstein*, 17 Civ. 9260 (AN) (S.D.N.Y.)

(filed Nov. 27, 2017); *Canosa v. Ziff*, 18 Civ. 4115 (PAE) (S.D.N.Y.) (filed in New York state court on April 30, 2018 and removed pursuant to 28 U.S.C. § 1452(a)); *David v. The Weinstein Company*, LLC, 18 Civ. 5414 (RA) (S.D.N.Y.) (filed in California state court on November 14, 2017, removed pursuant to 28 U.S.C. § 1452(a), and then transferred to this District).

15. As in *Geiss*, the judges in each of these cases have granted Mr. Weinstein's motion to dismiss the claims asserted against him, including most recently in *David*, where Judge Abrams—on the same day Sokola filed this Action—dismissed a negligence claim virtually indistinguishable from Sokola's claim that was asserted against Mr. Weinstein by a plaintiff represented by the same lawyers representing Sokola here. *See David v. The Weinstein Company, LLC*, 2019 WL 6954363, at *9-13 (S.D.N.Y. Dec. 19, 2019). Claims against Harvey Weinstein and/or TWC or an affiliated entity remain pending in this District in each of *Noble*, *Canosa*, and *David*.

The TWC Bankruptcy

16. On March 19, 2018, TWC and various of its affiliates (collectively, the "TWC Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, commencing chapter 11 cases jointly administered under the caption *In re The Weinstein Company Holdings LLC, et al.*, Case No. 18-10601 (MFW) (Bankr. D. Del.) (the "Bankruptcy Cases"). The Bankruptcy Cases remain pending before the Bankruptcy Court.

The Global Settlement

17. Potential liabilities arising out of or relating to Harvey Weinstein's alleged sexual misconduct, including those related to the actions filed in this District, are of central importance to the administration of the TWC Debtors' estates in the Bankruptcy Cases. This is due to,

among other things, claims that have been asserted by Sokola and other alleged victims of Harvey Weinstein, as well as by the New York Attorney General, against the TWC Debtors; claims for indemnification that have been asserted against the TWC Debtors by former directors, officers, and employees (including Mr. Weinstein) who have been named as defendants in the actions filed by Sokola and the other alleged victims; and claims that former officers, directors, and employees (including Mr. Weinstein) have made for coverage under insurance policies of the TWC Debtors in connection with these actions.

18. As referenced in Sokola's Complaint (*see* Compl. ¶ 7), after months of negotiations, a term sheet outlining the terms of a global settlement has been agreed to by and among representatives of the vast majority of Harvey Weinstein's accusers (including the members of the purported *Geiss* class who elect not to opt out), the individuals and entities named as defendants in the various actions those accusers have brought (including Mr. Weinstein), the New York Attorney General, the insurers of the TWC Debtors and of other entity defendants or their affiliates, creditors of the TWC Debtors, and the estates of the TWC Debtors (the "Global Settlement").

19. The parties to the Global Settlement are working on documenting a definitive settlement agreement. Once finalized, the settlement agreement will require the approval of the Bankruptcy Court in the Bankruptcy Cases as well as the District Court in the *Geiss* putative class action.

20. If finalized and approved by those courts, the Global Settlement is expected to result in the final resolution of the Bankruptcy Cases and the distribution of virtually all of the remaining assets in the TWC Debtors' estates (including settlement proceeds provided under various insurance policies relating to the periods both before and after TWC's formation).

Mr. Weinstein's Indemnification and Insurance Claims

21. On February 11, 2019, Mr. Weinstein filed proofs of claim in the Bankruptcy Cases for, as relevant here, (i) indemnification arising out of the Third Amended and Restated Limited Liability Company Agreement of The Weinstein Company Holdings, LLC, dated as of October 21, 2005 (the "TWC LLC Agreement") and Mr. Weinstein's employment agreement with The Weinstein Company Holdings, LLC, dated as of June 30, 2015 (the "TWC Employment Agreement"), and (ii) his allocable share of the proceeds of any insurance policies held by TWC. These indemnification and insurance claims were expressly made in connection with any legal fees and judgments incurred by Mr. Weinstein in pending or future actions arising out of Harvey Weinstein's alleged sexual misconduct. Additionally, Mr. Weinstein's proofs of claim seek repayment by an affiliate of TWC of unsecured loans Mr. Weinstein had made to that affiliate in an aggregate amount of more than $11 million.

22. Given that TWC was a defendant in the *Geiss* action and that Sokola's allegations there focused extensively on the conduct of employees of TWC, Mr. Weinstein has submitted claims for coverage in connection with the instant Action directly to insurers who issued policies to certain of the TWC Debtors ("TWC insurance"). Mr. Weinstein also has submitted claims for coverage in connection with this Action to insurers who issued policies covering insurable events prior to his employment by TWC and/or claims arising from such events ("pre-TWC insurance").

**REMOVAL IS PROPER UNDER TITLE 28, SECTION 1452**

23. Removal of the instant Action is proper under Section 1452(a) of Title 28 of the U.S. Code, which provides that "[a] party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

24. Section 1334(b) of Title 28 of the U.S. Code, in turn, confers jurisdiction upon this Court to hear all civil proceedings that are "related to cases under title 11" of the Bankruptcy Code. As the Second Circuit has explained, "'a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate.'" *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 339-340 (2d Cir. 2018) (quoting *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011)). Moreover, "[a] claim need not be certain to provide a federal court with jurisdiction: contingent outcomes can satisfy the 'conceivable effects' test, so long as there is the *possibility* of an effect on the estate." *SPV OSUS, Ltd.*, 882 F.3d at 340 (emphasis in original) (internal citations omitted); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.").

25. Here, the instant Action "conceivably" will have an effect on the TWC Debtors' estates in several ways.

26. As set forth above, Mr. Weinstein is seeking to enforce his contractual right to indemnification against TWC in connection with this Action under the TWC LLC Agreement and the TWC Employment Agreement. Pursuant to the LLC Agreement, TWC agreed to indemnify Mr. Weinstein against any claims arising out of or in connection with TWC' business or affairs. Similarly, in the Employment Agreement, TWC agreed that it would fully indemnify Mr. Weinstein for any costs or liability he incurs that relate in any way to his role with the company. Mr. Weinstein also has made claims in connection with this Action for insurance coverage under TWC insurance policies. These indemnification and insurance claims will necessarily affect the TWC Debtors' estates.

27. Mr. Weinstein has also made claims for insurance coverage in connection with this Action under pre-TWC insurance policies. Those policies are among the insurance policies that would help fund the contemplated Global Settlement. As a result, Mr. Weinstein's insurance claims to pre-TWC insurance with respect to this Action (as well as his claims to TWC insurance) necessarily would have an effect on the TWC Debtors' estates because those claims would reduce the amount of insurance proceeds and estate assets available to fully fund the Global Settlement, which, in turn, is expected to lead to the resolution of the Bankruptcy Cases.

28. Indeed, this Action threatens to jeopardize consummation of the Global Settlement and at the very least could result in modification of the terms of the Global Settlement. Sokola and her attorneys have publicly criticized and vowed to oppose the Global Settlement, which the Complaint in this Action charges is "being unfairly foisted upon" Harvey Weinstein's alleged victims. (*See* Compl. ¶ 7.) When filing the instant Action, Sokola's stated that "we hope that the filing of this complaint encourages other victims and the New York Attorney General to join us" and opt out of the Global Settlement. The *Wall Street Journal* previously reported that Sokola's lawyers "said they would do anything possible to block the proposed" settlement.

29. Moreover, the extensive allegations regarding TWC that Sokola asserted in the *Geiss* action strongly support the conclusion that one or more TWC entities comprise one or more of the "Doe Corp." defendants named in this Action. The Complaint's allegations are not limited to the alleged assault, but also include "Harvey Weinstein's ongoing emotional abuse" of Sokola (Compl. ¶ 51), which plainly encompasses alleged acts of misconduct by Harvey Weinstein after 2005 when he was employed by TWC. (*See Geiss* Compl., ¶ 227 (also referring to Harvey Weinstein's "ongoing emotional abuse" of Sokola in connection with his alleged acts at TWC)).

30. At a minimum, Sokola's allegations both in this Complaint and the *Geiss* Complaint make clear that discovery in this Action will encompass TWC documents and

testimony from TWC witnesses relating to interactions between Sokola and Harvey Weinstein and other TWC employees. Such discovery will, *inter alia*, trigger additional claims for indemnification against TWC and for insurance coverage against TWC insurers, thus further affecting the TWC Debtors' estates.

31. Accordingly, this Court has original jurisdiction over this matter under Section 1334(b) of Title 28 of the U.S. Code.

**SATISFACTION OF PROCEDURAL REQUIREMENTS**

32. This Action is properly removable to this Court because the Southern District of New York is the district and division embracing the place where such action is pending. *See* 28 U.S.C. § 1441(a); Fed. R. Bankr. P. 9027.

33. This Notice of Removal is timely because it is filed within thirty days of the date of service of the Summons and Complaint in this Action (and, indeed, within thirty days of when Sokola's counsel first emailed the Summons and Complaint to Mr. Weinstein's counsel on January 2, 2010). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); Fed. R. Bankr. P. 9027(a)(3) ("[A] notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.").

34. In accordance with Title 28, Section 1446(d) of the U.S. Code and Bankruptcy Rules 9027(b) and (c), written notice of the filing of this Notice of Removal will promptly be served on counsel for Plaintiff and the other Defendants in the Action, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

35. As required by Bankruptcy Rule 9027(a)(1), Mr. Weinstein states that he does not consent to entry of final orders or judgment by any bankruptcy judge.

36. Consent to removal by the other Defendants is not required under the bankruptcy removal statute. *See* 28 U.S.C. § 1452(a). In any event, counsel for all Defendants have been notified of the removal and as of this writing none has objected to the removal.

37. Mr. Weinstein signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Bankruptcy Rules.

38. In accordance with Title 28, Section 1446(a) of the U.S. Code and Bankruptcy Rules 9027(a)(1) and (h), true and correct copies of all process, pleadings, orders, records, and proceedings in the State Court are attached hereto as Exhibit A to C.

**WHEREFORE**, Mr. Weinstein removes this action from the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
February 3, 2020

SCHULTE ROTH & ZABEL LLP

By: /s/ Gary Stein
Barry A. Bohrer
Gary Stein
Brian T. Kohn

919 Third Avenue
New York, NY 10022
Telephone: 212.756.2000
Facsimile: 212.593.5955
E-mail: barry.bohrer@srz.com
gary.stein@srz.com
brian.kohn@srz.com

*Attorneys for Defendant Robert Weinstein*