# Exhibit B

| United States Bankruptcy Court for the District of Delaware | |
|---|---|
| **Name of Debtor:** The Weinstein Company LLC | **For Court Use Only** |
| **Case Number:** 18-10620 | Claim Number: 0000020130 <br> File Date: 02/11/2019 18:09:43 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/16

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):     Robert Weinstein

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name      Robert Weinstein | Name _____ |
| Address   C/O Adam C. Harris | Address _____ |
|           Schulte Roth & Zabel LLP | _____ |
|           919 Third Avenue | _____ |
| City      New York | City _____ |
| State     NY          ZIP Code  10022 | State _____  ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:    212-756-2000 | Phone: _____ |
| Email:    adam.harris@srz.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ <br> MM / DD / YYYY | _____ |

Page 1 of 3

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

---

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$ ___underined___ undetermined

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:     $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%
                              ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Adam Harris*                                   02/11/2019 18:09:43

Signature                                       Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Adam C. Harris

Address     Schulte Roth & Zabel LLP

City        New York

State       NY                        Zip    10022

Country (in international)    United States

Phone       212-756-2000

Email       adam.harris@srz.com

| Fill in this information to identify the case: |
| --- |

Debtor 1 **The Weinstein Company LLC**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Delaware

Case number  18-10620 (MFW)

## Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Robert Weinstein
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Adam C. Harris c/o Schulte Roth & Zabel LLP
Name

919 Third Avenue
Number    Street

New York          NY          10022
City              State        ZIP Code

Contact phone  212-756-2000

Contact email  adam.harris@srz.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City              State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7. How much is the claim?**

$ ___See Addendum___ . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

___See Addendum___

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Official Form 410 | **Proof of Claim** | page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☑ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|

Executed on date  02/11/2019
 MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Adam C. Harris | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Partner | | |
| Company | Schulte Roth & Zabel LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 919 Third Avenue | | |
| | Number          Street | | |
| | New York | NY | 10022 |
| | City | State | ZIP Code |
| Contact phone | 212-756-2000 | Email | adam.harris@srz.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------x
                           )
In re:                      )  Chapter 11
                           )
The Weinstein Company Holdings LLC, *et al.*,  )  Case No. 18-10601 (MFW)
                           )
             Debtors.     )  Jointly Administered
                           )
-------------------------------------------------------x

**ADDENDUM TO PROOF OF CLAIM OF ROBERT WEINSTEIN**

I.      **Introduction**

1.      On March 19, 2018 (the "<u>Petition Date</u>"), The Weinstein Company Holdings LLC ("<u>TWCH</u>") and its affiliated debtors (collectively, with TWCH, the "<u>Debtors</u>") filed voluntary petitions for relief under title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").

2.      This proof of claim (the "<u>Proof of Claim</u>") is being filed in the bankruptcy case of The Weinstein Company LLC ("<u>TWC</u>")[1] by Robert Weinstein ("<u>Claimant</u>") to assert, as discussed in greater detail below, certain claims on behalf of the Claimant.

II.      **The Claims**

A.      **Personal Loans**

3.      Prior to the Petition Date, Claimant made several unsecured loans to TWC in the aggregate amount of $11,187,363.00. As of the filing date of this Proof of Claim, Claimant has not received payment from TWC on account of such loans.

4.      Accordingly, Claimant hereby asserts a claim against TWC in an amount

---

[1]    *In re The Weinstein Company LLC*, Case No. 18-10620.

of \$11,187,363.00 (plus accrued and unpaid interest thereon to the Petition Date) on account of Claimant's unsecured loans to TWC.

### B.    Participation

5.      Prior to the Petition Date, TWC and Warner Bros. Pictures ("Warner Bros.") entered into that certain *"Six Billion Dollar Man" Quitclaim Agreement*, dated November 2, 2017 (the "Quitclaim Agreement").[2]  Pursuant to the Quitclaim Agreement, TWC assigned all of its right, title and interest in, *inter alia*, various drafts of a screenplay for a film entitled *The Six Billion Dollar Man* (the "Picture") to Warner Bros.

6.      Exhibit B to the Quitclaim Agreement provided TWC with the right to designate an individual producer (defined in the Quitclaim Agreement as an "Employee")  to render services in connection with the production of the Picture. Prior to the Petition Date, TWC designated Claimant as the individual producer/Employee in accordance with Exhibit B to the Quitclaim Agreement.

7.      Pursuant to Exhibit B to the Quitclaim Agreement, as the designated Employee, Claimant is entitled to (i) fixed compensation in the amount of \$1,2500,000 "payable upon commencement of principal photography of the film,"  and (ii) contingent compensation set out in detail in Section 1(b) of Exhibit B to the Quitclaim Agreement.

8.      Accordingly, Claimant hereby asserts a claim against TWC in an amount equal to his entitled compensation under the Quitclaim Agreement.[3]

---

[2]      The Quitclaim Agreement should be in the possession of TWC. To the extent that a copy is not available from TWC, Claimant can provide such copy.

[3]      Claimant believes that TWC's rights under the Quitclaim Agreement were assigned to Lantern Entertainment LLC pursuant to the terms of the Asset Purchase Agreement dated as of March 19, 2018 (as amended, the "APA"), and that the obligation to pay to Claimant the amounts due thereunder constitute an Assumed Liability under the APA. Claimant submits this claim as against TWC in the event a court of competent jurisdiction determines such obligation does not constitute an Assumed Liability.

C.    **Indemnification**

9.    Prior to the Petition Date, TWCH entered into that certain *Third Amended and Restated Limited Liability Company Agreement of The Weinstein Company Holdings LLC dated as of October 21, 2005* (the "LLC Agreement")[4].

10.    Pursuant to Section 10.02 of the LLC Agreement, TWCH agreed to, *inter alia*:

> indemnify, defend, and hold harmless each Covered Person against any losses, claims, damages, liabilities, expenses (including all reasonable fees and expenses of counsel), judgments, fines, settlement, and other amounts arising from any and all claims, demands, actions, suits or proceedings, in which such Covered Person may be involved or become subject to, in connection with any matter arising out of or in connection with [TWCH's] business or affairs.

11.    Pursuant to Section 10.02 of the LLC Agreement, TWCH also agreed that, *inter alia*:

> [i]f any Covered Person becomes involved in any capacity in any action, suit, proceeding or investigation in connection with any matter arising out of or in connection with . . . [TWCH's] business or affairs, or . . . [the LLC Agreement] or any related document, other than by reason of any act or omission performed or omitted by such Covered Person that was not in good faith on behalf of . . . [TWCH] or constituted a willful commission by such Covered of an act that is dishonest and materially injurious to . . . [TWCH], [TWCH] shall reimburse such Covered Person for its reasonable legal and other reasonable out-of-pocket expenses (including the cost of any investigation and preparation) as they are incurred in connection therewith. . . .

A "Covered Person" includes, among others, "(i) each Member, . . . (ii) each officer, director, shareholder, member, partner, employee, . . . [and] (iii) each executive officer [of TWCH]." Claimant is included in each of these categories, and is thus entitled to the benefits of the indemnity provisions of the LLC Agreement. Based upon the numerous positions held by Claimant at TWCH,

---

[4]    The LLC Agreement should be in the possession of TWCH. To the extent that a copy is not available from TWCH, Claimant can provide such copy.

including the position of co-chairman, Claimant constitutes a "Covered Person" under the LLC Agreement.[5]

      12.    Claimant is entitled to additional indemnification pursuant to that certain employment agreement between Claimant and TWCH, dated as of June 30, 2005 (as amended, modified, supplemented, replaced, or superseded from time to time, including pursuant to that certain letter agreement dated as of July 29, 2010, collectively, the "Employment Agreement").[6] Pursuant to paragraph 7 of the Employment Agreement, Claimant:

> shall be fully indemnified and held harmless by . . . [TWCH] to the fullest extent permitted by law from any claim, liability, loss, cost or expense of any nature (including attorney's fees of counsel selected by [Claimant], judgments, fines, any amounts paid or to be paid in any settlement, and all costs of any nature) incurred by [Claimant] (all such indemnification to be on an "after tax" or "gross-up" basis), which arises, directly or indirectly, in whole or in part out of any alleged or actual conduct, action or inaction on [Claimant's] part in or in connection with or related in any manner to [Claimant's] status as an employee, agent, officer, corporate director, member, manager, shareholder, partner of, or [Claimant's] provision of services to, [TWCH] or any of its affiliated entities, or any entity to which [Claimant is] providing services on behalf of . . . [TWCH] unless such claim, liability, loss, cost or expense is a result of [Claimant] not acting in good faith on behalf of . . . [TWCH] or such other entities. [Claimant] shall be entitled to a presumption that [Claimant] acted in good faith.

      13.    Claimant has or may be named a defendant in existing, potential, or threatened litigation related to claims of sexual harassment, assault, and battery allegedly committed by Harvey Weinstein as co-chairman of TWCH (the "Allegations"), including, without limitation: (a) *Anson v. Weinstein, et al.*, Case No. 2:17-cv-08360, United States District Court for the Central District of California; (b) *Geiss, et al. v. The Weinstein Company Holdings, LLC, et*

---

[5]     To the knowledge of Claimant, the LLC Agreement remains in full force and effect as of the date hereof. To the extent claims for indemnification arose from and after the Petition Date, Claimant reserves the right to assert such claims as administrative expenses under section 503(b) of the Bankruptcy Code.

[6]     The Employment Agreement should be in the possession of TWCH. To the extent that a copy is not available from TWCH, Claimant can provide such copy.

*al.*, Case No. 1:17-cv-09554, United States District Court for the Southern District of New York; (c) *Doe v. The Weinstein Company LLC, et al.*, Case No. 18-cv-5414 (RA), United States District Court for the Southern District of New York; (d) *Canosa v. Ziff, et al*., Case No. 1:18-cv-04115-PAE, United States District Court for the Southern District of New York; (e) *Noble v. Weinstein, et al.*, Case No. 1:17-cv-09260-RWS, United States District Court for the Southern District of New York; (f) *Huett v. The Weinstein Company LLC, et al.*, Case No. 2:18-cv-06012-SVW-MRW, United States District Court for the Central District of California; (g) *People v. Weinstein, et al.*, Case No. 450293/2018, New York Supreme Court, New York County; (h) *Rehal v. Weinstein, et al.*, Case No. 151738/2018, New York Supreme Court, New York County; and (i) *Charlotte Catherine Carroll v. The Weinstein Company LLC*, Case No. 2200292/2018, filed December 13, 2017, in the Central London Employment Tribunal (collectively, the "Proceedings"). The existing, potential, unknown, or future plaintiffs in the Proceedings (collectively, the "Plaintiffs") have asserted or may assert causes of action against Claimant giving rise to claims by Claimant under the LLC Agreement and the Employment Agreement. The claims asserted against Claimant in each of the Proceedings relate to Claimant's service as a member and officer of TWCH and the Allegations arise out of or are in connection with TWCH's business or affairs. Accordingly, the LLC Agreement and the Employment Agreement, Claimant's rights thereunder, and the Proceedings form the basis of the indemnification claims asserted against TWCH in this Proof of Claim.

14.     Claimant is also covered by one or more insurance policies issued to TWCH, which may provide coverage for liabilities incurred by Claimant in connection with the Proceedings. Though Claimant believes that he has individual rights under such policies, Claimant

asserts claims against TWCH to the extent TWCH or any of its affiliates receives proceeds under such policies to which Claimant is entitled or to which Claimant has a superior right.

15.     Accordingly, Claimant hereby asserts a claim against  TWC to the extent of any indemnity obligations Claimant has against TWC pursuant to the LLC Agreement, the Employment Agreement, and applicable law, without limitation, based on or arising from: (i) the indemnification provisions of the LLC Agreement (including, without limitation, TWCH's rejection, future rejection, breach, future breach, modification, future modification, amendment, or future amendment thereof), (ii) the indemnification provisions of the Employment Agreement (including, without limitation, TWCH's rejection, future rejection, breach, future breach, modification, future modification, amendment, or future amendment thereof), (iii) any insurance policy covering Claimant, whether or not such claims relate to the Proceedings, (iv) Claimant's contractual, statutory, or common law rights of indemnity, contribution, and/or reimbursement for amounts that have been or may be incurred, liquidated, unliquidated, paid, unpaid, fixed, or contingent, and/or (v) to the extent not covered in subsection (i), (ii), (iii), and (iv) of this paragraph, any Proceedings, and any legal fees, legal expenses, out-of-pocket expenses, or judgments related thereto, in which a plaintiff asserts causes of action against Claimant arising out of or in connection with TWCH's business or affairs, or the actions of any of TWCH's employees or agents. For the avoidance of doubt, this Proof of Claim includes a contingent, unliquidated claim for any claims related to the LLC Agreement or Employment Agreement against the Debtor that may become known to Claimant in the future.

### III.     <u>Reservation of Rights</u>

16.     No judgment has been rendered on the claims asserted in this Proof of Claim.

17.     Claimant reserves the right to amend or supplement this Proof of Claim in any manner, including, without limitation, to specify the amount of Claimant's currently contingent, unmatured, and/or unliquidated claims as they become non-contingent, matured, and/or liquidated and to reflect additional claims to the extent that such claims are discovered after the filing of this Proof of Claim. This Proof of Claim shall not prejudice the rights of Claimant to file any other requests for payment or proofs of claim, including, without limitation, requests related to the claims asserted herein. Claimant further reserves the right to file additional proofs of claim for additional claims at any time, either before or after any applicable bar date established by the Bankruptcy Court.

18.     Additionally, with respect to any claim of Claimant that results from the rejection, modification, amendment or assumption of an executory contract or unexpired leases by the Debtors, the Claimant specifically reserves the right to amend this Proof of Claim or to file additional proofs of claim in connection with any such rejection, modification, amendment, or assumption.

19.     Claimant does not waive any right or rights of action that he has or may have against the Debtors or any other person or persons and does not waive any substantive or procedural defenses to any claim that may be asserted against the Claimant by the Debtors or any other person. Without limiting the foregoing, this Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies, (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Claimant's rights, remedies, claims, or interests under applicable law against the Debtors or any other person or entity; (iv) a waiver of any setoff or recoupment rights under applicable law; (v) a waiver of any netting rights under applicable law; (vi) a waiver of Claimant's property or ownership rights (legal or equitable); (vii) a waiver of Claimant's legal, equitable, or

beneficial interests; and/or (viii) an admission by Claimant that any property held by the Debtors (or any subsidiary or affiliate thereof) is property of the estate.

20.     By filing this Proof of Claim, Claimant does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to the adjudication of this Proof of Claim.

21.     The filing of this Proof of Claim shall not be deemed or construed as: (i) consent by Claimant to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (ii) a waiver of the rights of Claimant to trial by jury in any proceeding so triable herein or in any case, controversy, or proceedings related hereto, notwithstanding the designation or not of such matters as "core" proceedings pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (iii) a waiver of the right of Claimant to have final orders in non-core matters reviewed by a District Court; (iv) a waiver of the right of Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional; (v) a waiver of the right of Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; (vi) a waiver of any past, present, or future event of default; and/or (vii) a waiver or limitation of any rights of Claimant, including, without limitation, a waiver of obligations owing to Claimant, rights, claims, actions, defenses, set-offs, or recoupments to which Claimant is or may be entitled under agreements, in law or in equity, against the Debtors (or any subsidiary, or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers, or directors, or the right to contest the validity, priority, extent of any right of interest purported to be equal,

senior, of inferior to any right or interest of Claimant, all of which rights, claims, actions, defenses,

set-offs, and recoupments are expressly reserved by Claimant.

        22     All notices and communications concerning this Proof of Claim should be

sent to the following address:

> Adam C. Harris, Esq.
> SCHULTE ROTH & ZABEL LLP
> 919 Third Avenue
> New York, New York 10022
> (212) 756.2000
> Adam.Harris@srz.com
>
> Dated as of February 11, 2019