# Exhibit C

United States Bankruptcy Court for Delaware
The Weinstein Company Holdings LLC, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

To submit your form online please go to https://epiqworkflow.com/cases/TWC

**RECEIVED**
**FEB 13 2019**
**LEGAL SERVICES**

Name of Debtor: The Weinstein Company Holdings LLC
Case Number: 18-10601

For Court Use Only

Filed: USBC - District of Delaware
The Weinstein Company Holdings LLC, et al., (GEN)
18-10601 (MFW)

TWC     0000080052

### Fill in this information to identify the case (Select only one Debtor per claim form):

| | | |
|---|---|---|
| ☑ The Weinstein Company Holdings LLC (18-10601) | ☐ The Weinstein Company LLC (18-10620) | ☐ HRK Films, LLC (18-10639) |
| ☐ Avenging Eagle SPV, LLC (18-10602) | ☐ Weinstein Global Film Corp. (18-10621) | ☐ WTV Yellowstone SPV, LLC (18-10640) |
| ☐ TWC Waco SPV, LLC (18-10603) | ☐ Tulip Fever LLC (18-10622) | ☐ TWC Polaroid SPV, LLC (18-10641) |
| ☐ Small Screen Productions LLC (18-10604) | ☐ Current War SPV, LLC (18-10623) | ☐ InDirections LLC (18-10642) |
| ☐ Small Screen Trades LLC (18-10605) | ☐ Weinstein Productions LLC (18-10624) | ☐ TWC Production-Acquisition Borrower 2016, LLC (18-10643) |
| ☐ Twenty O Five Holdings, LLC (18-10606) | ☐ TWC Borrower 2016, LLC (18-10625) | ☐ InteliPartners LLC (18-10644) |
| ☐ Branded Partners LLC (18-10607) | ☐ Weinstein Television LLC (18-10626) | ☐ ISED, LLC (18-10645) |
| ☐ W Acquisition Company LLC (18-10608) | ☐ DRT Films, LLC (18-10627) | ☐ TWC Production, LLC (18-10646) |
| ☐ Spy Kids TV Borrower, LLC (18-10609) | ☐ TWC Domestic LLC (18-10628) | ☐ MarcoTwo, LLC (18-10647) |
| ☐ Check Hook LLC (18-10610) | ☐ WTV Guantanamo SPV, LLC (18-10629) | ☐ TWC Replenish Borrower, LLC (18-10648) |
| ☐ WC Film Completions, LLC (18-10611) | ☐ TWC Fearless Borrower, LLC (18-10630) | ☐ TWC Short Films, LLC (18-10649) |
| ☐ Team Players LLC (18-10612) | ☐ DRT Rights Management LLC (18-10631) | ☐ One Chance LLC (18-10650) |
| ☐ Weinstein Books, LLC (18-10613) | ☐ WTV JCP Borrower 2017, LLC (18-10632) | ☐ TWC Untouchable SPV, LLC (18-10651) |
| ☐ The Actors Group LLC (18-10614) | ☐ TWC Library Songs (BMI), LLC (18-10633) | ☐ PA Entity 2017, LLC (18-10652) |
| ☐ CTHD 2 LLC (18-10615) | ☐ FFPAD, LLC (18-10634) | ☐ Paddington 2, LLC (18-10653) |
| ☐ Weinstein Development LLC (18-10616) | ☐ WTV Kalief Browder Borrower, LLC (18-10635) | ☐ PS Post LLC (18-10654) |
| ☐ The Giver SPV, LLC (18-10617) | ☐ TWC Loop LLC (18-10636) | ☐ Scream 2 TC Borrower, LLC (18-10655) |
| ☐ Weinstein Global Funding Corp. (18-10618) | ☐ WTV Scream 3 SPV, LLC (18-10637) | |
| ☐ Cues TWC (ASCAP), LLC (18-10619) | ☐ TWC Mist, LLC (18-10638) | |

# Proof of Claim (Official Form 410)                                                     04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims arising under section 503(b)(9) of the Bankruptcy Code, do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |

1. **Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):  Harvey Weinstein

Other names the creditor used with the debtor: _____

| | |
|---|---|
| 2. Has this claim been acquired from someone else? ☒ No ☐ Yes. From whom? _____ | |

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | 4. Does this claim amend one already filed? |
|---|---|---|
| Bayard P.A. (attn: Scott D. Cousins, Esq.)<br>Name | <br>Name | ☒ No<br>☐ Yes. Claim number on court claims register (if known) _____ |
| 600     N. King Street, Suite 400<br>Number    Street | <br>Number    Street | Filed on _____<br>MM  / DD  / YYYY |
| Wilmington     DE     19801<br>City         State       ZIP Code | <br>City         State       ZIP Code | 5. Do you know if anyone else has filed a proof of claim for this claim?<br>☒ No |
| Country (if International): _____ | Country (if International): _____ | ☐ Yes. Who made the earlier filing? |
| Contact phone: (302) 655-5000 | Contact phone: _____ | _____ |
| Contact email: scott.cousins@bayardlaw.com | Contact email: _____ | |

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| 6. Do you have any number you use to identify the debtor? | 7. How much is the claim? | 8. What is the basis of the claim? |
|---|---|---|
| ☒ No<br>☐ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>___ ___ ___ ___ | $ (see attached)<br><br>Does this amount include interest or other charges?<br>☒ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>(see attached) |

| 9. Is all or part of the claim secured? | 10. Is this claim based on a lease? | 11. Is this claim subject to a right of setoff? |
|---|---|---|
| ☒ No | ☒ No | ☒ No |
| ☐ Yes. The claim is secured by a lien on property.<br>Nature of property: | ☐ Yes. Amount necessary to cure any default as of the date of petition.<br>$_____ | ☐ Yes. Identify the property: _____ |

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed  ☐ Variable

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:*<br>☒ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  02/12/2019   _[Signature]_<br>MM / DD / YYYY    Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name: Harvey  Weinstein<br>  First name   Middle name   Last name<br><br>Title: _____<br><br>Company: _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address: c/o Bayard P.A. (Attn: Scott Cousins, Esq), 600 N. King Street, Suite 400<br>  Number   Street<br>Wilmington   DE   19801<br>  City   State   ZIP Code<br><br>Contact Phone (302) 655-5000   Email scousins@bayardlaw.com |

## ATTACHMENT TO PROOF OF CLAIM OF HARVEY WEINSTEIN

1. On March 19, 2018 (the "**Petition Date**"), The Weinstein Company Holdings LLC (the "**Debtor**") and its affiliated debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") thereby commencing the above captioned bankruptcy cases (the "**Cases**").

2. This proof of claim (the "**Proof of Claim**") is being filed in the Debtor's bankruptcy case by Harvey Weinstein ("**Claimant**") to assert, as discussed in greater detail below, certain claims on behalf of the Claimant.

3. Prior to the Petition Date, the Debtor entered into that certain Third Amended and Restated Limited Liability Company Agreement of The Weinstein Company Holdings LLC dated as of October 21, 2005 (the "**LLC Agreement**").[1] Pursuant to the LLC Agreement, the Debtor, among other things, is obligated to (i) indemnify Claimant against any claims arising out of or in connection with the Debtor's business or affairs and (ii) reimburse Claimant for reasonable legal fees and other out-of-pocket expenses arising out of any action or proceeding relating to any arising out of or in connection with the Debtor's business or affairs.

4. Specifically, pursuant to Section 10.02 of the LLC Agreement, the Debtor agreed to, among other things:

> "indemnify, defend, and hold harmless each Covered Person against any losses, claims, damages, liabilities, expenses (including all reasonable fees and expenses of counsel), judgments, fines, settlement, and other amounts arising from any and all claims, demands, actions, suits or proceedings, in which such Covered Person may be involved or become subject to, in connection with any matter arising out

---

[1] All capitalized terms not defined herein shall have the definition contained in the LLC Agreement, which should be in the possession of Debtor. To the extent that a copy is not available from Debtor, Claimant can provide such copy.

{BAY:03434589v2}

of or in connection with the [Debtor's] business or affairs..."

5. Claimant is a "Covered Person" as defined in section 1.02 of the LLC agreement.

6. Pursuant to Section 10.02 of the LLC Agreement, the Debtor also agreed that, *inter alia:*

> If any Covered Person becomes involved in any capacity in any action, suit, proceeding or investigation in connection with any matter arising out of or in connection with the [Debtor's] business or affairs, or this [LLC Agreement] or any related document, other than by reason of any act or omission performed or omitted by such Covered Person that was not in good faith on behalf of the [Debtor] or constituted a willful commission by such Covered Person of an act that is dishonest and materially injurious to the [Debtor], the [Debtor] shall reimburse such Covered Person for its reasonable legal and other reasonable out-of-pocket expenses (including the cost of any investigation and preparation) as they are incurred in connection therewith . . . .

7. Also prior to the Petition Date the Debtor and Claimant entered into that certain letter employment agreement dated as of October 20, 2015 and effective as of January 1, 2016 (the "**Employment Agreement**").[2]

8. Pursuant to Section 7 of the Employment Agreement, the Debtor agreed that:

> [Claimant] shall be fully indemnified and held harmless by the [Debtor] to the fullest extent permitted by law from any claim, liability, loss, cost or expense of any nature (including attorney's fees of counsel selected by [Claimant], judgements, fines, any amounts paid or to be paid in any settlement, and all costs of any nature) incurred by [Claimant] (all such indemnification to be on an "after tax" or "gross-up" basis), which arises, directly or indirectly, in whole or in part our of any alleged or actual conduct, action or inaction on [Claimant's] part in or in connection with or related to in any manner to [Claimant's] status as an employee, agent, officer, corporate director, member, manager, shareholder, partner of, or [Claimant's] provision of services to, the [Debtor] or any of its affiliated entities, or any entity to which [Claimant is] providing services on behalf of the [Debtor] unless such claim, liability, loss, cost or expense is a result of [Claimant] not acting in good faith on behalf of the [Debtor] or such other entities. [Claimant] shall be entitled to a presumption that [he] acted in good faith.

---

[2] The Employment Agreement should be in the possession of Debtor. To the extent that a copy is not available from Debtor, Claimant can provide such copy.

{BAY:03434589v2}

9. Claimant has been named or may be named as a defendant in existing, potential, or threatened litigation (collectively, the "**Proceedings**")[3] related to conduct and events occurring during his employment as Chief Executive Officer of the Debtor including, among other things, allegations of personal and bodily injury (the "**Allegations**").

10. The existing, potential, unknown, or future plaintiffs and other parties in the Proceedings (collectively, the "**Plaintiffs**") have asserted or may assert causes of action whose allegations give rise to claims by Claimant under the LLC Agreement and the Employment Agreement.

11. The claims asserted against Claimant in each of the Proceedings are alleged to relate to Claimant's service as a director on the board of Debtor or as an officer of the Debtor and the Allegations arise out of or are in connection with the Debtor's business or affairs.

12. Accordingly, the LLC Agreement (and Claimant's rights thereunder), the Employment Agreement (and Claimant's rights thereunder) and the Proceedings form the basis for the claims asserted against the Debtor in this Proof of Claim (the "**Claims**").

13. Additionally, Claimant is covered by one or more insurance policies issued to the Debtor, which may provide coverage for liabilities incurred by Claimant in connection with the Proceedings. Though Claimant believes that he has individual rights under such policies, Claimant asserts claims against the Debtor to the extent the Debtor or any of its affiliates receives proceeds under such policies to which Claimant is entitled or has a superior priority.

14. Accordingly, Claimant hereby asserts Claims against the Debtor, without

---

[3] In light of confidentiality and privacy concerns related to the parties or potential parties in pending or threatened Proceedings, Claimant has not annexed a list of the Proceedings to this Proof of Claim. To the extent requested, Claimant will provide a list of know Proceedings to the Debtor on an "Attorney's Eyes Only" basis or otherwise as governed under an appropriate protective order agreed to between the Debtor and the Claimant.

limitation, based on or arising from: (i) the LLC Agreement (including, without limitation, the Debtor's rejection, future rejection, breach, future breach, modification, future modification, amendment, or future amendment thereof), (ii) the Employment Agreement (including, without limitation, the Debtor's rejection, future rejection, breach, future breach, modification, future modification, amendment, or future amendment thereof); (iii) Claimant's contractual, statutory, or common law rights of indemnity, contribution, and/or reimbursement for amounts that have been or may be incurred, liquidated, unliquidated, paid, unpaid, fixed, or contingent, (iv) any insurance policy covering Claimant, whether or not such claims relate to the Proceedings, and/or (v) to the extent not covered in subsections (i), (ii) and (iii) of this paragraph, any Proceedings, and any legal fees, legal expenses, out-of-pocket expenses, or judgments related thereto, in which the Plaintiffs assert causes of action against Claimant arising out of or in connection with the Debtor's business or affairs, or the actions of any of Claimant's employees or agents.

15.    For the avoidance of doubt, this Proof of Claim includes a contingent, unliquidated claim for any claims related to the LLC Agreement or the Employment Agreement against the Debtor that may become known to Claimant in the future.

16.    In addition to the Claim set forth above, Claimant asserts against the Debtor any and all other prepetition and postpetition amounts and liabilities in respect of the LLC Agreement or the Employment Agreement and any other documents related thereto, including, without limitation, breach, interest, premiums, costs, expenses, attorneys' and professionals' fees and disbursements, and any and all indemnification obligations arising out of the Proceedings.

17.    Various provisions of the LLC Agreement and the Employment Agreement

provide Claimant with the right to the reimbursement of its legal fees, costs and expenses incurred by Claimant relating to claims arising out of or in connection with the Debtor's business or affairs, including the Proceedings, and Claimant hereby expressly asserts its claims to such reimbursement and reserves its rights to assert such claims to the extent further claims are discovered. Claimant reserves the right to amend or supplement this Proof of Claim in any manner, including, without limitation, to specify the amount of Claimant's currently contingent, unmatured, and/or unliquidated claims as they become non-contingent, matured, and/or liquidated and to reflect additional claims under the LLC Agreement and the Employment Agreement and the Proceedings to the extent such claims are discovered after the filing of the Proof of Claim. This Proof of Claim shall not prejudice the rights of Claimant to file any other requests for payment or proofs of claim, including, without limitation, requests related to the claims asserted herein.

18. Claimant reserves the right to withdraw this Proof of Claim for any reason whatsoever. Claimant further reserves the right to file additional Proofs of Claim for additional claims at any time, either before or after the any applicable bar date established by the Bankruptcy Court.

19. Additionally, with respect to any claim of Claimant that arises from the rejection, modification, amendment or assumption of an executory contract or unexpired lease by Debtor, the Claimant specifically reserves the right to amend this Proof of Claim or to file additional proofs of claim in connection with any such rejection, modification, amendment or assumption.

20. Claimant does not waive any right or rights of action that it has or may have against the Debtor or any other person or persons and does not waive any substantive or

procedural defenses to any claim that may be asserted against the Claimant by the Debtor or any other person. Without limiting the foregoing, this Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Claimant's rights, remedies, claims or interests under applicable law against Claimant or any other person or entity; (iv) a waiver of any setoff or recoupment rights under applicable law; (v) a waiver of any netting rights under applicable law; (vi) a waiver of Claimant's property or ownership rights (legal or equitable); (vii) a waiver of Claimant's legal, equitable or beneficial interests; and/or (viii) an admission by Claimant that any property held by the Debtor (or any subsidiary or affiliate thereof) is property of the estate.

21. By filing this Proof of Claim, Claimant does not submit himself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to the adjudication of this Proof of Claim.

22. The filing of this Proof of Claim shall not be deemed or construed as: (i) consent by Claimant to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (ii) a waiver of the right of Claimant to trial by jury in any proceeding so triable herein or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (iii) a waiver of the right of Claimant to have final orders in non-core matters entered only after de novo review by a District Court judgment; (iv) a waiver of the right of Claimant to assert that 28 U.S.C. § 157(b)(2)(C) is

unconstitutional, which right is expressly reserved; (v) a waiver of the right of Claimant to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal; (vi) a waiver of any past, present, or future event of default; and/or (vii) a waiver or limitation of any rights of Claimant, including, without limitation, a waiver of obligations owing to Claimant, rights, claims, actions, defenses, set-offs, or recoupments to which Claimant is or may be entitled under agreements, in law or in equity, against any of the Debtor (or any subsidiary, or affiliate thereof) or any other person, including without limitation, rights against guarantors, officers, or directors, or the right to contest the validity priority or extent of any right or interest purported to be equal, senior or inferior to any right or interest of Claimant, all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved by Claimant.

23. All notices and communications concerning this Proof of Claim should be sent to the following addresses:

> Scott Cousins, Esq.
> Daniel N. Brogan, Esq.
> BAYARD P.A.
> 600 N. King Street
> Suite 400
> Wilmington, DE 19801
> scousins@bayardlaw.com
> dbrogan@bayardlaw.cim

Dated as of February 12, 2019